**Connie BOYKIN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF NYS DOCS, Harold McKinney, Warden, Mt. McGregor Correctional Facility, Commissioner of Health and Hospital for NYS DOCS, Medical Supervisor, Crook, Dr., Helen Atwell, Medical Nurse, Mt. McGregor Correctional Facility, Defendants–Appellees.**

**No. 07–5253–pr.**

United States Court of Appeals, Second Circuit.

Nov. 25, 2009.

Connie Boykin, Warwick, NY, pro se.

PRESENT: JOSEPH M. McLAUGHLIN, RICHARD C. WESLEY, Circuit Judges, and LAWRENCE E. KAHN,* District Court.

### SUMMARY ORDER

Appellant Connie Boykin, *pro se,* appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), *sua sponte* dismissing his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's *sua sponte* dismissal under § 1915(e). *Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001).

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *Farmer v. Brennan,* 511 U.S. 825, 834–35, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." *Id.* (internal quotation marks omitted). Subjectively, the official must have the requisite state of mind, the "equivalent of criminal recklessness." *Id.* An accident alone is not enough, even if that accident results in suffering. *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

* Lawrence E. Kahn, Senior Judge of the United States District Court for the Northern District of New York, sitting by designation.

Here, the district court properly found that Appellant's claim that Appellee Atwell had injected him with the wrong medication did not state a claim of deliberate indifference to his medical needs. The complaint clearly alleged that the injection was accidental, and Appellant on appeal describes Atwell as acting negligently.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**